UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

Filed & Entered
On Docket
September 4, 2013

_____

In re:
    Carol Jeanne Scafuro,                                     Chapter 13
                Debtor.                                    Case # 12-10902
_____

**Carol Jeanne Scafuro,**
                Plaintiff,                            Adversary Proceeding
    vs.                                               # 13-1006
**PennyMac Loan Services, LLC, PennyMac**
**Corp., Wells Fargo, and CitiBank, N.A.,**
                Defendants.
_____

Appearances:       *David R. Edwards, Esq.*                *Rebecca A. Rice, Esq.*
                           *Bendett & McHugh, P.C.*              *Cohen & Rice*
                           *Burlington, VT*                            *Rutland, VT*
                           *For PennyMac Defendants*            *For the Plaintiff*

**MEMORANDUM OF DECISION**
**GRANTING PENNYMAC DEFENDANTS' MOTION TO DISMISS CLAIMS AGAINST THEM**

        Carol Jeanne Scafuro (the "Plaintiff") commenced this adversary proceeding by filing a complaint challenging the validity of a proof of claim ("POC") filed in her bankruptcy case. PennyMac Loan Services and PennyMac Corp. (collectively, the "PennyMac Defendants") moved to dismiss the proceeding, alleging that the Plaintiff had failed to state a claim upon which relief could be granted. For the reasons set forth below, the Court finds that the Plaintiff's complaint fails to state a potential right to relief against the movants. Accordingly, the Court grants the PennyMac Defendants' motion to dismiss all claims asserted against them in this adversary proceeding.

JURISDICTION

        This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and the Order of Reference entered by Chief Judge Christina Reiss on June 22, 2012. The Court declares these matters to be core proceedings under 28 U.S.C. § 157(b)(2)(B)[allowance of claims] and (K) [validity of liens], over which it has authority to enter a final judgment.

PROCEDURAL HISTORY

The Plaintiff initiated this Chapter 13 case on November 9, 2012. On January 30, 2013, PennyMac Loan Services filed a POC on behalf of PennyMac Corp., alleging that the Plaintiff was indebted to it in the amount of $1,143,772.29, and that the debt was secured by a mortgage on real property located in Andover, Vermont.[1] PennyMac later filed amended POCs, on April 5, 2013 and May 22, 2013. The first amendment changed the name of the agent filing the claim and attached a different escrow annual disclosure statement. The second amendment to the proof of claim was more significant: it added an affidavit of possession certifying that PennyMac Loan Services, LLC, as serving agent for PennyMac Corp., was in possession of the original note evidencing the Debtor's loan on November 9, 2012, the date that the Plaintiff filed her petition.

On April 26, 2013, the Plaintiff commenced the instant adversary proceeding, primarily seeking an order disallowing the PennyMac claim and invalidating the corresponding mortgage (doc. # 1) (the "Complaint"). In lieu of an answer, the PennyMac Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging the Plaintiff had failed to state any claim upon which relief could be granted against them (doc. # 7) (the "Motion"). The Plaintiff's response asserted that she had sufficiently pled her claims and the Complaint demonstrated she was entitled to relief (doc. # 9) (the "Response"). The PennyMac Defendants filed no reply. Accordingly, the Court deemed the matter to be fully submitted and took the matter under advisement.

DISCUSSION

In deciding a Rule 12(b)(6) motion, made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b), this Court liberally construes the complaint, accepts all factual allegations as true, and draws all reasonable inferences in favor of the plaintiff. See Gibbons v. Malone, 703 F.3d 595, 599 (2d Cir. 2013). To survive a Rule 12(b)(6) motion, however, a complaint must still include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). While detailed allegations are not necessary, factual assertions must raise the right to relief above a speculative level. Id. at 555. In other words, the complaint must allege more than a possibility that the plaintiff is entitled to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotations omitted).

**Count One**

---

[1] The record suggests a portion of the property is also located in Ludlow, Vermont.

2

Count One of the Complaint alleges that "PennyMac Corp. does not exist," and therefore the Plaintiff objects to the POC on the basis of standing (doc. # 1, ¶¶ 26-27). In support of this allegation, the Plaintiff asserts that there is no actual entity with the name PennyMac Corporation; instead, PennyMac is allegedly a conglomeration of a group of entities, including "Private National Mortgage Acceptance Co., LLC (PNMAC), PNMAC Capital Management, LLC. (PCM) and PennyMac Loan Services, LLC (PLS)." (doc. # 1, ¶¶ 23-24). In addition, although not specifically delineated in the claim for relief, the Complaint also includes factual allegations which appear aimed to demonstrate that (1) the PennyMac Defendants did not establish they held the note on the date that the Plaintiff filed her petition, as the note endorsement is undated; and (2) the mortgage was not validly assigned to the PennyMac Defendants because the assignments were purportedly executed by people acting pursuant to a power of attorney, and no documentation of their authority is attached (doc. # 1, ¶¶ 16-17, 19-22).

The Motion argues that a valid endorsement does not require a date, and that the Plaintiff lacks standing to challenge the validity of the assignments because she is not a party to the assignments, or a third party beneficiary thereof (doc. # 7 at 6-8). The Plaintiff responds that the PennyMac Defendants did not allege possession of the note until it amended its POC on May 22, 2013, after commencement of this adversary proceeding (doc. # 9 at 1-2). Further, the Plaintiff contends the affidavit of possession does not provide any basis for verifying the accuracy of its assertion, and amendment of the POC without leave of Court violates the Bankruptcy Rules (doc. # 9 at 2). Finally, the Plaintiff reiterates that, to establish standing to file a POC, the PennyMac Defendants should have established the authority of the persons signing the mortgage assignments to act pursuant to a power of attorney (doc. # 9 at 2-3).

A claimant bears the initial burden of alleging facts sufficient to support a POC. In re Smith, No. 12-10142, 2013 WL 665991 at *6 -7 (Bankr. D. Vt., Feb. 22, 2013). If the claimant does so, the claim is *prima facie* valid. Id. To rebut the presumption of *prima facie* validity, the "objecting party must produce evidence equal in force to the prima facie case which, if believed, would refute at least one of the allegations essential to the claim's legal sufficiency." Id. (quotations and alterations omitted).

"Standing [to file a POC] relates to a party's economic interest in the dispute[,] which must exist at the time the action was filed." In re DeMert & Dougherty, Inc., 227 B.R. 508, 513 (Bankr. N. D. Ill. 1998). To demonstrate standing to file a POC relating to a secured claim in real property, a claimant must show that it held the note on the day that the debtors filed their petition. In re Parker, 445 B.R. 301, 306 (Bankr. D. Vt. 2011); see also U.S. Bank Nat'l Ass'n v. Kimball, 2011 VT 81, ¶ 13, 190 Vt. 210, 27 A.3d 1087 (Vt. 2011) (holding that, to enforce a note, a claimant must show that it was the holder of the note at the time it filed a complaint seeking relief). An entity may be the holder of a note if it is in possession of a

3

note made payable to it or endorsed in blank. 9A V.S.A. §§ 3-201, 3-205.

The signature on an instrument is "presumed to be authentic and authorized."[2] 9A V.S.A. § 3-308. The comments to § 3-308 explain that "presumed . . . means that until some evidence is introduced which would support a finding that the signature is forged or unauthorized, the [claimant] is not required to prove that it is valid." To state a claim for relief, therefore, an objection to a POC must specifically deny the validity of a signature at issue. See Ashcroft, 556 U.S. at 678; see also In re Mead, No. 12-10415, AP No. 12-1019, 2013 WL 122671 (Bankr. D. Vt., Jan. 9, 2013).

The Court finds that the first count of the Complaint fails to state a right to relief. The Plaintiff's initial assertion – that PennyMac Corp. "does not exist" – is belied by its subsequent statement that PennyMac Corp. is made up of an assortment of various entities. Further, it is common knowledge that a corporation may be composed of various entities, and still exist as an independent entity with its own rights and obligations. See, e.g., Cancun Adventure Tours, Inc. v. Underwater Designer Co., 862 F.2d 1044, 1047 (4th Cir. 1988) ("It is well settled that a corporation exists as a legal entity separate and distinct from its corporate shareholders.") (quotations and alterations omitted). For example, a corporation may file a POC in a bankruptcy case. See 11 U.S.C. § 501(a) (stating that a creditor may file a POC); 11 U.S.C. § 101(10)(A) (defining "creditor" as an "entity" that has a pre-petition claim against the debtor); 11 U.S.C. § 101(15) (defining "entity" as a "person"); 11 U.S.C. § 101(41) (defining "person" as a "corporation"). Interestingly, in the Response, the PennyMac Defendants include a footnote that says "Debtor's counsel has agreed to withdraw the allegations at ¶ 23 and ¶26 where these allegations lack any factual support. Plaintiff's counsel has agreed that PennyMac Corp. is incorporated in the state of Delaware and registered (sic) with the Vermont Secretary of State" (doc. # 7, p.2, fn 1).

The parties present several arguments concerning Count One which do not correspond to clearly articulated bases for relief. Although the POC did not initially contain an affidavit of possession, the PennyMac Defendants permissibly amended their POC to attach one. The Plaintiff offers no case law or statutory support for her assertion that the Bankruptcy Rules – local or federal – require a creditor to obtain leave of Court to amend its POC. The Court is not aware of any such requirement. Although the Court could, upon a proper showing, strike the PennyMac Defendants' amended claim based upon equitable principles, the Plaintiff has set forth no basis for the Court to do so. Moreover, bankruptcy

---

[2] In In re Parker, 445 B.R. 301, 305 (Bankr. D. Vt. 2013), this Court noted, in response to the Debtor's argument, that the claimant had not provided proof that the person endorsing the note had the authority to act as an attorney-in fact. However, the Court ultimately concluded that the original lender had later ratified the signature, and that the ratification related back to the date of endorsement. Id. Thus, whether or not the original signer had the initial authority to endorse the note was not controlling, and this statement is properly characterized as *dicta*.

4

jurisprudence unequivocally establishes that a creditor's lien passes through a bankruptcy case unaffected. See, e.g., In re Jimenez, 492 B.R. 373, 376 (Bankr. S.D.N.Y. 2013); In re Oudomsouk, 483 B.R. 502, 510-11 (Bankr. M.D. Tenn. 2012). Thus, even if the POC were stricken, once this bankruptcy case is concluded, the PennyMac Defendants would be able to pursue their state law rights against the property. See id. Because the PennyMac Defendants permissibly amended their POC, and it now contains an affidavit of possession showing the PennyMac Defendants were in possession of the note on the date the Plaintiff filed her bankruptcy petition, they have set forth a *prima facie* claim to enforce the note, and the Plaintiff's objections to that claim are unavailing. See Fed.R.Bankr.P. 3001(f); 9A V.S.A. §§ 3-201, 3-205.

The Plaintiff also contends it was the PennyMac Defendants' burden to establish the endorser's authority. She is mistaken. The Vermont statutes concerning negotiable instruments clearly impose a presumption of authenticity, see 9A V.S.A. § 3-308, and the Plaintiff has failed to rebut that presumption.

Finally, even assuming *arguendo* the mortgage assignments were invalid, this would not preclude the PennyMac Defendants from also establishing a right to foreclose on the property. See Kimball, 2011 VT 81,¶ 13("While a plaintiff in a foreclosure should also have assignment of the mortgage, it is the note that is important because where a promissory note is secured by a mortgage, the mortgage is incident to the note."); One West Bank v. Reynolds, No. 51-2-11 Wrcv, slip op. at *8 (Vt. Super. April 12, 2013); see also 9A V.S.A. § 9-203(g) & comment.9 (stating that the transfer of an obligation secured by a lien on personal property also transfers the lien, and explaining that this section codifies the common law rule applicable to both real and personal property); Restatement (Third) of Property (Mortgages) § 5.4(a) ("[A] transfer of an obligation secured by a mortgage also transfers the mortgage unless the parties to the transfer agree otherwise.").

For the foregoing reasons, the Court finds the Plaintiff has failed to sufficiently allege a right to relief against the PennyMac Defendants in Count One.

**Count Two**

The Complaint alleges that the Plaintiff was the victim of predatory lending because the monthly mortgage payment was $4,947.92, this amount covered only the interest due on the principal balance – without escrow charges even though the lender indicated that they were in the loan application, and the Plaintiff's net monthly income was only $3,300 (doc. # 1, ¶¶ 29-30, 32). Further, the Plaintiff asserts she is entitled to rescind the transaction because the lender did not provide her with a copy of the Truth in Lending Disclosure required by the Real Estate Settlement and Procedures Act ("RESPA") (doc. # 1, ¶¶

5

33-34). In the Motion, the PennyMac Defendants argue that the Plaintiff's Truth in Lending Act ("TILA") and RESPA claims are time-barred (doc. # 7 at 8-9). They are correct.

The Complaint does not specifically state under what statute or common law cause of action the Plaintiff is proceeding with regard to the lender's actions in extending a loan that she could not afford. The Court is unaware of any federal cause of action based upon such a claim and Vermont case law does not establish a common law cause of action for predatory lending. The Court finds the only conceivable right to relief based on these specific allegations would arise under Vermont's Unfair and Deceptive Trade Practices Act ("UDTPA"), 9 V.S.A. § 2453 *et seq*, discussed *infra*. Thus, the Court finds that the Plaintiffs fails to state a right to relief on these allegations set forth in Count Two.

As to the Plaintiff's claim in Count Two that she is entitled to rescind the transaction, the Court finds the factual allegations similarly fail to demonstrate a right to relief. As an initial matter, the Truth in Lending disclosures and the right to rescission to which the Plaintiff refers is mandated by TILA, not RESPA. See 15 U.S.C. § 1635; 12 C.F.R. § 226.17 *et seq*. The Plaintiff does correctly note that federal law provides a right to rescind certain real estate transaction under certain conditions. However, with an exception inapplicable here, an obligor's right of rescission expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, *notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor*." 15 U.S.C. § 1635(f) (emphasis added). The United States Supreme Court has recognized that this provision is not merely a statute of limitation, but rather a complete extinguishment of the right to rescind. See Beach v. Ocwen Federal Bank, 523 U.S. 410, 417 (1998).

The Plaintiff's right of rescission began to run, at the latest, on December 18, 2007, when she refinanced the debt owed on her property. Thus, her right to rescind the transaction expired in 2010, long before she filed the instant suit seeking to enforce rescission rights. Accordingly, the Court finds the Plaintiffs' claim for rescission to be without merit, and dismisses it with prejudice.

**Count Three**

Lastly, the Complaint alleges claims of breach of good faith and fair dealing, and a violation of Vermont's Unfair and Deceptive Trade Practices Act (doc. # 1, 35-45). In support of this cause of action, the Plaintiff asserts (1) she was current on her mortgage payments when she initially contacted the original lender – Wells Fargo – about lowering her monthly payments; (2) Wells Fargo told her she had to miss at least three payments to qualify for a loan modification; (3) after the Debtor missed three payments, as directed, Wells Fargo refused her subsequent payments, and the loan continued to accrue interest; and (4)

after two years of persisting in modification efforts, and the Debtor finally being told the loan could be modified, Wells Fargo sold the loan.  In the Motion, the PennyMac Defendants contend they cannot be held liable for the acts of the original lender (doc. # 7 at 9-10).  In her Response, the Plaintiff asserts only that the PennyMac Defendants may be held liable for these actions because they are not "holders in due course," in that the actual amount due under the note is not determinable because it is an adjustable rate note (doc. # 9 at 3).

The Plaintiff fails to articulate any rationale for the conclusion that the PennyMac Defendants cannot be holders in due course of the subject note because the interest is based on an adjustable rate.  If her rationale is (1) to be a holder in due course, a party must be a holder of a negotiable instrument, pursuant to 9A V.S.A. § 3-302, and (2) a "negotiable instrument" is "an unconditional promise or order to pay *a fixed amount of money*, with or without interest or other charges described in the promise or order," 9A V.S.A. § 3-104(a) (emphasis added), and (3) therefore one who holds a note with an adjustable interest rate can never be a holder in due course, then her logic is flawed.  The comments in the Vermont Uniform Commercial Code explain that the requirement of a "fixed amount" of money in § 3-104(a) applies only to principal.  See 9A V.S.A. § 3-112 comment.1.  In other words, the fact that a person holds an adjustable rate note does not prevent that person from being considered a holder in due course.  See, e.g., Revak v. SEC Realty Corp., 18 F.3d 81, 84 (2d Cir. 1994) ("In the condominium transactions, the buyers gave SEC Realty adjustable-rate promissory notes and deeds of trust, which were subsequently assigned to defendants-appellees Boatmen's Bank and Sovran Bank (the 'Banks').  It is undisputed that the Banks are holders in due course of these deeds and notes.")

More importantly for purposes of the instant claim, the Plaintiff is not seeking to enforce or invalidate a note under the Uniform Commercial Code.  Hence, whether the PennyMac Defendants are holders in due course is irrelevant here.  Instead, the Plaintiff seeks a determination that the PennyMac Defendants are responsible for the previous lender's actions under the UDTPA and the contractual covenant of good faith and fair dealing.  The UDTPA, however, does not provide for derivative liability; to state a cause of action under the act, a defendant must be directly responsible for the challenged behavior, or at least have condoned it through, for example, an agency relationship.  See State v. Stedman, 547 A.2d 1333, 1335-36 (Vt. 1988); Repucci v. Lake Champagne Campground, Inc., 251 F.Supp.2d 1235, 1241 (D. Vt. 2002) ("[D]erivative liability for consumer fraud cannot be imposed absent direct participation in the unfair or deceptive acts, direct aid to the actor, or a principal/agent relationship.") (quotations omitted).

Additionally, the implied covenant of good faith and fair dealing is a contractual cause of action;

in other words, although the claim is based in tort, it exists as a separate cause of action only because of the existence of a contract. See <u>Harsch Props., Inc. v. Nicholas</u>, 2007 VT 70 ¶ 18, 182 Vt. 196, 203, 932 A.2d 1045, 1051 (2007). Thus, to enforce it, a plaintiff must have been a party to the contract. Here, there is no contract between the PennyMac Defendants and the Plaintiffs. Additionally, the Plaintiff has not demonstrated the PennyMac Defendants are successors-in-interest as is necessary to establish liability for the previous lender's actions. See <u>Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.</u>, 879 F. Supp. 407, 410 (D.Vt. 1995). In sum, the facts alleged in Count Three fail to establish the Plaintiff has a right to the relief she seeks therein against the PennyMac Defendants.

## CONCLUSION

For the reasons set forth above, the Court finds that the Plaintiffs have failed to state any claim upon which relief can be granted against Defendants PennyMac Loan Services and PennyMac Corp. Accordingly, the Defendants' motion to dismiss is granted, and this adversary proceeding is dismissed as to those Defendants.

This memorandum constitutes the Court's findings of fact and conclusions of law.

September 4, 2013  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge